UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                      |   |                        |
|----------------------|---|------------------------|
| ALEX SCESNY,         | ) |                        |
|                      | ) |                        |
| Petitioner,          | ) | Civil Action No.       |
|                      | ) | 16-cv-40024            |
| v.                   | ) |                        |
|                      | ) |                        |
| KELLY RYAN,          | ) |                        |
|                      | ) |                        |
| Respondent.          | ) |                        |

# MEMORANDUM AND ORDER ON PETITIONER'S SECOND MOTION TO STAY

SAYLOR, J.

This is an action by a state prisoner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Alex Scesny has filed a motion to stay the proceedings. For the reasons given below, that motion will be denied.

## I. Background

The petition for a writ of habeas corpus in this case was filed on March 1, 2016, along with a first motion to stay in order to exhaust state remedies. The Court denied that motion to stay on August 4, 2016, because petitioner had not shown good cause for his failure to exhaust all of his state remedies.

Petitioner filed his brief in support of the petition on November 16, 2016. Respondent Kelly Ryan filed her brief on May 5, 2017. Petitioner has not filed any reply, which, including extensions of time, was due December 14, 2017.

On November 17, 2017, petitioner filed a motion to stay the proceedings. That motion states that he recently discovered that the Commonwealth failed to provide what he believes are

six items of exculpatory evidence, *see Brady v. Maryland*, 373 U.S. 83 (1963), namely:

1) The original [Massachusetts] State Police Laboratory's Criminalistics Reports from the Theresa Stone investigation; 1996 reports [sic].

2) The original [Massachusetts State Police] Crime Lab[oratory]'s 1996-2001 DNA-STR Reports and findings.

3) The original October 25th 1996 Crime Scene Unit's Evidence Recovery Log.

4) The complete Chain of Custody Report from 1996-2017.

5) The [Massachusetts State Police] Report from October 25th 1996 Scene at the Chief Medical Examiners Office (post-crime scene, pre-autopsy).

6) The complete November 5th 1996 application of search warrant[,] which includes affidavit, addendums, and Clerk Magistrate[] David W. Bishop's signature.

(Mot. to Stay at 2). He states that he seeks a stay so that a Committee for Public Counsel Services attorney can determine whether his claim has enough merit to warrant a further motion for a new trial in state court. (*Id.*).

## II.    Legal Standard

The Supreme Court has explained that "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).[1] A stay is appropriate when "(1) 'the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court,' (2) the 'unexhausted claims are potentially meritorious,' and (3) 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" *Clements*

---

[1] While petitioner does not specifically seek an abeyance here, it appears from his motion that, were the CPCS attorney to recommend litigating his *Brady* claim, he would seek to amend his petition to include that unexhausted state claim, making his petition a mixed petition, and then seek a stay and abeyance to pursue it.

2

*v. Maloney*, 485 F.3d 158, 168 (1st Cir. 2007) (quoting *Rhines*, 544 U.S. at 278) (citations omitted). The First Circuit has described those considerations as "three prerequisites" for a stay. *Id.*

### III. <u>Analysis</u>

Petition has not established that a stay is appropriate for at least three reasons.

First, petitioner has not established good cause for his failure to exhaust a potential *Brady* claim. He states that he "[r]ecently recognized" that this evidence was not provided, but does not provide any detail as to when he recognized the gap in government's production, or, more importantly, when the materials from which he concluded that there was a gap in the government's production were provided to him.

Second, petitioner has not offered any basis for the Court to conclude that his potential *Brady* claim is meritorious. Rather, he explains that he wants the stay so that an attorney can evaluate whether or not it is meritorious. That is not sufficient to show that a stay is warranted.

Third, it does not appear that petitioner could successfully amend his habeas petition to include this unexhausted state claim. 28 U.S.C. § 2244(d)(1) provides for a one-year limitations period for filing for habeas relief that begins to run from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Of those possible dates, the latest date the Court can presently ascertain is the date his state conviction became final, October 12, 2015. *Commonwealth v. Scesny*, 472 Mass. 185 (2015) (affirming petitioner's conviction on July 14, 2015); *Voravongsa v. Wall*, 349 F.3d 1, 2 (1st Cir. 2003) (ruling that a state conviction is final when the ninety-day period to file a petition for certiorari with the U.S. Supreme Court has expired); *see Brady*, 373 U.S. 83 (recognizing the constitutional right in 1963). Using that date, the one-year limitations period for petitioner to file for habeas relief expired on October 12, 2016. Petitioner, in his motion, has not provided any information from which the Court could conclude that any unconstitutional state action created an impediment that persisted beyond October 12, 2015, or that petitioner could not have discovered the factual predicate of this claim until after that date. Nor does it appear that the potential *Brady* claim would relate back to claims in his original petition, which seeks relief on the grounds that the evidence was insufficient, that the trial court erred in admitting certain testimony and failing to give a particular jury instruction, and that the prosecutor's closing argument was improper. *See Mayle v. Felix*, 545 U.S. 644, 655-64 (2005) (expounding on the application of relation-back doctrine to habeas claims); 28 U.S.C. § 2242 (allowing petitions to be "amended or supplemented as provided in the rules of procedure applicable to civil actions); Fed. R. Civ. P. 15(c)(1) (explaining when an amendment relates back); Pet. for Writ of Habeas Corpus. Therefore, in addition to failing to explain why the *Brady* claim could succeed on its merits, petitioner has failed to allege facts from which the Court could conclude that such an amendment would be timely.

Because petitioner has not established (1) good cause for his failure to pursue his potential *Brady* claim in state court or (2) that his new claim is potentially meritorious, the motion to stay will be denied.

## IV. Conclusion

For the foregoing reasons, petitioner's motion to stay is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor, IV
United States District Judge

Dated: December 22, 2017