UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEX SCESNY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> KELLY RYAN, ) <br> ) <br> Respondent. ) <br> ) | Civil Action No. <br> 16-40024-FDS |

# ORDER ON CERTIFICATE OF APPEALABILITY

**SAYLOR, J.**

Petitioner Alex Scesy was convicted of first-degree murder and sentenced to life imprisonment without the possibility of parole. The Court has denied his petition for a writ of habeas corpus. He can only appeal that denial if he receives a certificate of appealability. For the following reasons, the court will certify the appealability of petitioner's exhausted claims, namely: Grounds 1 and 7, insufficiency of the evidence; Ground 3, improper admission of hearsay evidence in violation of the Sixth Amendment; Ground 5, improper closing arguments by the prosecutor; and Ground 6, refusal to give his proposed jury instruction on third-party culprit evidence.

A certificate of appealability will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). That standard must be independently satisfied as to "each and every issue raised by a habeas petitioner." *See Bui v. DiPaolo*, 170 F.3d 232, 236 (1st Cir. 1999).

The Court concludes that jurists of reason could disagree as to whether the Supreme Judicial Court's decision on the sufficiency of the evidence was reasonable, and whether the Commonwealth's evidence was indeed so strong as to erase any prejudice from the prosecutor's closing statements. Reasonable jurists could also disagree as to the effect of petitioner's procedural default of his Sixth Amendment claim relating to the testimony of the substitute medical examiner. And reasonable jurists could disagree as to whether the denial of his requested jury instruction amounted to a violation of due process. However, because Grounds 2 and 4 were not exhausted in the state courts, there is no reasonable basis for appeal.

Accordingly, a certificate of appealability is GRANTED as to Grounds 1, 3, 5, 6, and 7 of the petition.

**So Ordered.**

Dated: May 3, 2018

/s/ F. Dennis Saylor
F. Dennis Saylor, IV
United States District Judge